UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YU FEI,<br><br>Petitioner,<br><br>v.<br><br>RON MURRAY,<br><br>Respondents. | No. 1:26-cv-05444-DJC-AC<br><br><u>ORDER</u><br><br>A# 241-678-256 |

Petitioner Yu Fei is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 2 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 1.) Respondents acknowledge that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release" based on Petitioner's

recent criminal history. (ECF No. 6 at 1.) Petitioner's recent conviction does not alter the Court's analysis, though it justifies providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Yu Fei a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 30, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.